THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAHAM CUATT, Appellant.

(County Court, Tompkins County, January, 1911.)

Arrest on criminal charge — Examination and commitment for trial — Right to examination.

Criminal law — Former adjudication and second jeopardy — Collusive prosecution.

Criminal procedure: Acquisition, divestiture and transfer of jurisdiction — Transfer of prosecution to other courts: Arraignment and plea — Former acquittal or conviction: Waiver of errors — Waiver by failure or delay to object: Proceedings on review — Review — Affidavits and proofs outside of record; Decision on review — Grounds for reversal — Immaterial and technical errors.

    An appeal from a conviction in a Court of Special Sessions must be determined on the evidence and proceedings contained in the return and not on the uncorroborated *ex parte* affidavit on which the appeal was allowed.

    Where a defendant appears before a magistrate with counsel and, without objecting to the jurisdiction of the court, pleads to the charge against him, the objection that the warrant which was served in another county was not indorsed by a magistrate of that county before service is waived, and the magistrate before whom defendant was arraigned has jurisdiction to proceed.

    The exclusive jurisdiction of a Court of Special Sessions, under section 56 of the Code of Criminal Procedure, to try a charge of assault in the third degree continues until an application has been made for a certificate of removal under sections 57 and 58 of said Code.

County Court, Tompkins County, January, 1911. [Vol. 70.

A defendant charged before a justice with assault in the third degree is not entitled to a preliminary examination before trial.

Where the defendant is on bail an adjournment of the case for a preliminary examination. though irregular, does not affect the merits and is waived by defendant's failure to object to the jurisdiction of the court.

On appeal from a conviction in a Court of Special Sessions, errors not affecting the merits and not raised by defendant's affidavit on which his appeal was allowed cannot be considered.

A plea of former conviction must give the date, place and the name of the offense.

A former conviction of assault to be available as a defense must be valid; and, if procured by a fraud upon the court in a proceeding conducted entirely by defendant, it is not a bar to a subsequent prosecution for the same assault for the reason that, because of said fraud, the court had no jurisdiction and, therefore, there was no legal jeopardy.

Section 527 of the Criminal Code, which authorizes the appellate court to order a new trial if satisfied that justice requires it, though no exception was taken on the trial, does not modify the rule that error in the admission or exclusion of evidence can be availed of only by objection and exception duly taken.

A sentence to ninety days in the penitentiary and a fine of twenty-five dollars and imprisonment until such fine be paid not exceeding twenty-five days is not excessive on conviction for an uncalled for and brutal assault.

APPEAL to County Court from judgment of conviction, court of special sessions.

John Courtney, Jr., for appellant.

M. S. Halliday, for respondent.

SWEETLAND, J. This is an appeal from a judgment of conviction rendered on the 3d day of September, 1910, by A. J. Conlon, a justice of the peace of the town of Lansing, Tompkins county, N. Y., against the defendant upon a verdict of guilty rendered by a jury on the charge of assault in the third degree.

The defendant, on the 18th day of June, 1910, in the town of Lansing, Tompkins county, assaulted the complainant, Leroy Buck, inflicting upon him severe injuries. Thereafter, on the same day, the defendant appeared before one

D. A. Tarbell, a justice of the peace of the town of Lansing, and as a result of such visit an entry was made in the docket of the justice as follows:

" Before Daniel A. Tarbell, Justice- of the Peace, North Lansing, Co. of Tompkins, N. Y. Abraham Cuatt, complainant against himself. Charge: Assault and Battery, 3rd degree. Complained that he had committed an assault and battery againset the person of Leroy Buck, and plead guilty to the charge in the 3rd degree, when a fine of three dollars was imposed upon him and was paid. Dated this 18th day of June, 1910."

On the same day, Leroy Buck, the injured party, appeared before A. J. Conlon, another justice of the peace of said town, made an information in writing in due form, charging the defendant with assault in the third degree, committed on that day, whereupon a warrant was issued for the arrest of the defendant. Thereafter, and on the 26th day of August, 1910, the defendant was arrested on said warrant in the town of Van Etten, Chemung county, which warrant was not indorsed by a magistrate of Chemung county; the defendant was brought into Tompkins county and taken the next day before Justice Conlon, and was there arraigned on said charge of assault in the third degree. The defendant was represented by counsel and no question was raised, then and there, as to the validity of the warrant nor the arrest; neither was the plea of former conviction interposed. The defendant pleaded not guilty and demanded an examination. The case was adjourned by the justice to August 31, 1910, for examination, and the defendant admitted to bail.

The defendant duly appeared on the adjourned day, with his counsel, the case was called and the justice thereupon denied defendant's application for an examination. The defendant then demanded a jury trial and a jury was drawn and the case adjourned for trial to September 3, 1910. The defendant thus far interposed no objection to the proceeding, and made no motion to dismiss the case, and in no way objected to the proceeding. On the 3d of September, 1910, a jury was impaneled and the case tried, the jury rendering

County Court, Tompkins County, January, 1911. [Vol. 70.

a verdict of guilty. The defendant was thereupon sentenced to serve a term of ninety days in the Monroe county penitentiary and, in addition thereto, to pay a fine of twenty-five dollars and be imprisoned until such fine be paid, not exceeding twenty-five days.

Upon the affidavit of the defendant's wife an appeal was allowed to the County Court of Tompkins county.

The affidavit upon which the appeal was granted alleges acts of misconduct occurring during the trial on the part of the justice and spectators, tending to show that the defendant did not have a fair and orderly trial, and also attacks the validity of the warrant, raises the question of denial of a preliminary examination, the former conviction, and other questions.

But nothing is found in the return to sustain the claim of misconduct on the trial. The return shows a fair and orderly trial, conducted with scrupulous regard for the rights of the defendant. The case is to be decided on the evidence and proceedings contained in the return; not on the uncorroborated *ex parte* affidavit on which the appeal was granted.

The warrant should have been indorsed by a magistrate of Chemung county before it was executed there, but this question does not go to the merits and was not raised at the time of arraignment. The defendant appeared before the justice with his counsel and interposed no objection to the jurisdiction of the court; and, by appearing without objection and pleading to the charge, he waived the defects in the procedure and submitted himself to the jurisdiction of the court. Matter of Blum, 9 Misc. Rep. 571; People v. Gill, 5 T. & C. 308; People v. Beatty, 39 Hun, 476; People v. McGann, 43 id. 55; People v. Carter, 88 id. 304. Even an infant may by his waiver confer jurisdiction on the court of special sessions to try him. People v. Wandell, 21 Hun, 515. An interesting discussion of the law of waiver in criminal actions is found in Pierson v. People, 79 N. Y. 424, and People v. Cignarale, 110 id. 23.

The purpose of a warrant is to bring the accused before the court, but jurisdiction does not necessarily depend on the warrant. A defendant may, after a warrant has been

issued against him and before he is arrested, appear before the magistrate where the information is filed and plead to the information and thereby submit to the jurisdiction of the court without being arrested on the warrant, and such appearance without objection waives all defects in the warrant and confers jurisdiction. The irregularity in the arrest and warrant was not jurisdictional and did not divest the justice of jurisdiction. People v. Webster, 75 Hun, 278; People v. Carter, 88 id. 304. In People v. Eberspacher, 79 Hun, 410, the question of the illegality of the arrest was raised. The warrant was issued by the recorder of the city of Poughkeepsie on a charge of assault in the third degree, the defendant was arrested in Westchester county, the warrant not being properly indorsed, and on being brought before the recorder he asked his discharge on the ground of the illegality of his arrest, which was denied. The court held as follows: " We think the point as to the defendant's arrest does not affect the validity of his trial and conviction. The complaint was made and a warrant properly issued and the court had jurisdiction of the offense charged. It was, therefore, authorized to try and determine the complaint against the defendant whenever he might be brought before the court." The general rule is that " it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought before the court * * *. In general, when one is liable to be detained upon a criminal charge, the court will not inquire into the manner of his capture, * * * but will hold him to answer thereto." See Crocker Sheriffs (3d ed.), 35.

It is urged that the defendant was entitled to a preliminary examination before trial. He cites no authority for this claim and I believe none exists. The court of special sessions had exclusive jurisdiction of this action (Code Crim. Pro., § 56), subject to the power of removal provided by sections 57 and 58; but no application was made for removal, so jurisdiction continued in the court of special sessions. The provisions of the Code of Criminal Procedure concerning examinations, sections 188 to 221 inclusive, relate to actions prosecuted by indictment. It is held in People v.

Johnson, 187 N. Y. 319, that part IV of the Code of Criminal Procedure, commencing with section 133 and ending with section 698, relates only to actions prosecuted by indictment. The justice of the peace, Conlon, had exclusive jurisdiction to try this case and no application was made to remove, so a preliminary examination was properly denied.    People v. Miller, 124 N. Y. Supp. 158.

The defendant was not harmed by the adjournment from August twenty-sixth to thirty-first, as he had been admitted to bail.    If any error was committed by the justice in adjourning the case for an examination and then on the adjourned day denying it, such error was waived by the defendant not objecting to it and excepting.    It was irregular to adjourn for a preliminary examination.    Yet that did not affect the merits, and the question was not raised by the defendant in the affidavit on which this appeal was granted, and consequently cannot be considered here.    People v. Beatty, 39 Hun, 476; Code Crim. Pro., § 750; People v. Giles, 152 N. Y. 141; People v. Scherno, 140 App. Div. 95.

The defendant did not plead the former conviction which is one of the matters which should be pleaded if relied on as a defense.    Code Crim. Pro., § 334; People v. Cignarale, 110 N. Y. 29.    But notwithstanding his failure to plead the former conviction, the defendant did prove on the trial what occurred before Justice Tarbell, and it was before the jury for their consideration.    I do not think the plea of former conviction can be invoked in favor of the defendant in this action.    A former conviction, to be available as a defense, should be a valid conviction.    Certainly the proceeding had before Justice Tarbell was not an examination or trial upon the merits.    The defendant there appeared and complained of himself, as the justice terms it; no arrest was made, no information was made or filed, no oath was administered and no one was sworn.    The purpose of that appearance before the justice and that proceeding was not to punish the defendant for the assault, but to enable him to escape the full consequences of his wrong doing.    It was a fraud on the court, conducted entirely by the defendant; it

was not based on an information or any legal proof. There is nothing to sustain it. It is absolutely void and the jury did very properly disregard it.

" The general rule is that a former conviction or acquittal procured by fraud of the defendant is no bar to a subsequent prosecution. Thus, where the accused, hearing of a pending or threatened prosecution by indictment, voluntarily or by collusive arrest goes before a justice of the peace and is by him convicted of a misdemeanor, he cannot subsequently plead former jeopardy to an indictment for the same crime. If the prosecution was controlled and managed by the accused, he has never been in jeopardy; and the proceeding being void the State may attack it collaterally." 12 Cyc. 262, subd. 5.

The above quotation is abundantly sustained by citations from various jurisdictions, and its reasoning is such as to commend it as well.

The defendant, in prosecuting himself, adopted a form of practice unauthorized by our criminal law. No opportunity was given the injured party to appear and prosecute. The defendant in that proceeding acted in the dual capacity of complainant and defendant, which is something that has no authorization in judicial procedure. There was no competent proof before Justice Tarbell of any fact. The defendant to avail himself of a former conviction ought to have specifically pleaded it when arraigned, giving the date and place of the occurrence for which he was convicted, before Justice Tarbell, and proved the same on the trial, none of which he did; neither did he prove the identity of the two assaults. From anything that was before the court there might have been two or more separate assaults committed by the defendant upon Leroy Buck on the same day and, if so, they would constitute separate and distinct crimes. People v. Gibbs, 93 N. Y. 471. There was no proof before Justice Tarbell as to the date of the act for which the defendant complained, nor does it appear that it was within the jurisdiction of the court. The record made by Justice Tarbell does not contain statements sufficient to sustain a conviction. It is unsigned and the justice was not informed of the gravity of the assault.

The Constitution of the United States provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. Our State Constitution provides, " No person shall be subject to be twice put in jeopardy for the same offense." Art. I, § 6. Legal jeopardy does not arise if the court has no jurisdiction of the offense. Commonwealth v. Peters, 53 Metc. 387; Commonwealth v. Goddard, 13 id. 455; People v. Tyler, 7 Mich. 161. A defense of former conviction cannot be sustained on proceedings before a justice of the peace on their face absolutely void. And no jeopardy can arise from a trial and conviction in a court having no jurisdiction. Montrose v. State, 61 Miss. 429.

The verdict of the jury was fully justified by the evidence. In fact, no other verdict could be expected from the evidence. The record contains but few exceptions. If the defendant believed the ruling of the court was unfavorable to him he should have protected himself by timely exception. Error in the admission or exclusion of evidence upon a criminal trial can be made available only by objection and exception taken on the trial and this rule is not modified by section 527 of the Code of Criminal Procedure. The defendant waived the right to raise questions on the admission or exclusion of evidence by not objecting and excepting upon the trial. People v. Guidici, 100 N. Y. 503.

In view of all the evidence and the uncalled-for and brutal nature of the assault, it does not appear that the sentence imposed was excessive. The justice of the peace who heard the evidence and conducted the trial, which was held a considerable time after the assault, was well able to judge as to the penalty demanded; and I cannot say that he erred in the measure of punishment meted out to the defendant. It seems, from a reading of the evidence, that the defendant has no reason to complain of the extent of the punishment in view of the serious nature of his offense.

Ordered, that the judgment of conviction be affirmed and the action proceed as provided by section 766 of the Code of Criminal Procedure.

Judgment of conviction affirmed.