## MAY *v.* STATE.

### Opinion delivered December 8, 1913.

1. INDICTMENT—VARIANCE BETWEEN ALLEGATION AND PROOF.—Under an indictment charging defendant with an assault with intent to kill by cutting one D. with a knife, a conviction upon proof that the cutting was done with a razor, will be sustained. (Page 435.)

2. CRIMINAL LAW—FORMER CONVICTION—DEFENSE—COLLUSION.—Neither a conviction nor an acquittal will bar a subsequent prosecution, if the first trial is collusive, or not conducted in the manner required by law. (Page 435.)

3. CRIMINAL LAW—FORMER JEOPARDY—CONVICTION BY JUSTICE.—Where defendant was brought before a justice, charged with assault with intent to kill and pleaded guilty, and the justice, without summoning the prosecuting witness, or any other witnesses, found defendant guilty of an aggravated assault, and fixed his fine at $3; *held*, under Kirby's Digest, § 2499, that the conviction before the justice was not a bar to an indictment and conviction in the circuit court. (Page 437.)

Appeal from Columbia Circuit Court; *W. E. Patterson*, Judge; affirmed.

#### STATEMENT BY THE COURT.

The appellant, Will May, was indicted by the grand jury of Columbia County, Arkansas, for assault with intent to kill one Pleas Dismukes by cutting him with a knife, and he was convicted of that crime and sentenced to one year's imprisonment in the State penitentiary, and has prosecuted this appeal.

The sufficiency of the evidence to support the verdict is not questioned, but appellant relies for a reversal upon a variance between the indictment and the proof, and the failure of the court to properly instruct the jury, and for the alleged error of erroneously excluding the plea of former acquittal of the crime of aggravated assault.

Dismukes, the person assaulted, testified that he was cut with a knife or a razor, but he was not certain which, while the other proof in the case tended to show that the cutting was in fact done with a razor. Appellant's counsel requested nine instructions, all of which were given by the court except the one numbered 8, which reads as follows:

"You are instructed that before you can find the defendant guilty of an assault with intent to kill, or any other offense charged in this indictment, you must find from the evidence in the case beyond a reasonable doubt that the defendant cut Pleas Dismukes with a knife as alleged in the indictment, and not with a razor."

In the support of his plea of former acquittal appellant offered the following transcript from the docket of R. W. Baird, a justice of the peace, and offered to prove by him the identity of the offense charged in the indictment with that tried by the justice of the peace:

"State of Arkansas.

v.

"Will May.

"On the 18th day of November, 1912, C. W. Morris and Jim Warren filed before me a complaint charging that Will May did, in the county of Columbia, on or about the 15th day of November, 1912, commit the crime of assault on the person of Pleas Dismukes with a razor.

"Whereupon a warrant was issued and placed in the hands of the constable of Warren township November 18, 1912.

"On this day comes the defendant in charge of the constable, and, being ready for trial, pleads that he is guilty of assault in self-defense. After examining the witness, I judge that he was guilty of an aggravated assault without being considerable provocation, and I fine him $3 and costs, and that unless said fine be immediately paid that he be hired out according to law for a period not exceeding one day for each seventy-five cents of said fine and cost until same are paid; and it is further adjudged that if said defendant can not be so hired out that he be imprisoned in the county jail not exceeding one day for each seventy-five cents of said fine and cost until same is paid.

"I, R. W. Baird, a justice of the peace within and for the township of Warren in the county of Columbia, do certify that the foregoing is a true transcript, and a

correct statement of the docket entries in the case of State of Arkansas against the said Will May on the 18th day of November, 1912.

"Given under my hand and seal this 3d day of December, 1912.

(Signed)                              "R. W. Baird, J. P."

*Stevens & Stevens,* for appellant.

When the appellant learned, after his plea of not guilty, that the State intended to rely upon proof of an assault with a razor to sustain the indictment, and that the prosecuting attorney was contending that a razor was a knife, it was proper for the appellant to interpose his plea of former acquittal, and the court erred in excluding the same. Kirby's Dig., § 2229; 20 Tex. App. 139; 21 *Id.* 332; 11 Nev. 273; 17 Ga. 439; 9 Enc. Pl. & Pr. 632; 28 La. Ann. 129; 16 Phila. (Pa.) 451; 60 Ark. 13; 37 Ark. 224; 43 Ark. 68; 53 Ark. 24; Kirby's Dig., § § 2294-2299; Const., art. 2, § 8.

The court erred in refusing to instruct the jury that before they could convict they must find from the evidence that the defendant cut the prosecuting witness with a knife as alleged in the indictment.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.   The court properly excluded the plea of former condition. (1) Because it was antagonistic to his plea already entered of not guilty. (2) Because it was bad on its face, showing that he was convicted on his own version of the transaction alone. 53 Ark. 24-26; Kirby's Dig., § 1587; 32 Ark. 722-726.

2.   Appellant was properly convicted upon the evidence. The gist of the offense is the intent with which the instrumentality was used, and not the kind of instrument. A knife and a razor would make the same kind of wound and the same consequences would ensue from the use of one as from the use of the other. 35 So. (Fla.) 72; 39 Ala. 33; 35 So. (Ala.) 681, 682; 99 Ark. 188; Kirby's Dig., § 2229; Wharton on Homicide (3 ed.) 856, § 567.

SMITH, J., (after stating the facts). Appellant contends that the allegation that the cutting was done with a knife is descriptive of the offense, and should be proved as alleged, and he asked that the jury be told by his instruction numbered 8, which was refused by the court, that a conviction could not be had if the cutting was done with a razor instead of a knife. We think there is no substantial variance between the allegation and the proof and that the court did not err in refusing to give the requested instruction. Webster's New International Dictionary gives the pictures of twenty-one instruments under the title of "knife," and designates each of them as a knife, and gives the following definition of that word: "An instrument consisting (in its modern form) of a thin blade, usually of steel, and having a sharp edge for cutting fastened to a handle; a longitudinally edged instrument operated by pressure. Knives are of many different forms for different uses; as table-knife, drawing-knife, putty-knife, pen-knife, clasp-knife," etc. And also "A weapon consisting of or resembling a knife, hence a sword or dagger." It is a matter of common knowledge that, although razors are not designed as weapons, they are adapted to that use and are frequently used as such. A statute of this State makes it unlawful to carry a razor as a weapon. Kirby's Digest, § 1609. "Knife" is a generic term of import sufficiently broad to include "razor," although the term razor would not include other kinds of knives.

We think the court properly excluded the defendant's plea of former acquittal of the charge of aggravated assault, but we think this action was proper because of the recitals shown in the transcript of the justice's docket.

It has long been settled that neither a conviction, nor an acquittal will bar a subsequent prosecution, if the first trial is collusive, or not conducted in the manner required by law. 12 Cyc. 262. In the case of *Bradley v. State,* 32 Ark. 722, it was decided (quoting syllabus): "A conviction of assault and battery before a justice of

the peace, on confession or information, of the offender, is no bar for an indictment for the same offense.'' Subsequent to that decision the legislature undertook to provide by the act of February 9, 1893, how misdemeanors might be submitted and disposed of by trials before justices of the peace. The provisions of that act appear as sections 2497, 2498, 2499, 2500, 2501 and 2502 of Kirby's Digest. Section 2499 reads as follows:

''To ascertain the gravity of the offense, said justice of the peace shall subpoena the person or persons maltreated by said offender in the commission of the offense aforesaid and such other witnesses for the State and defense as will give a clear understanding of the circumstances of the case.''

The preceding sections provided for the entry of the plea of guilty, and the section quoted enabled the court to ascertain the gravity of the offense upon which the plea had been entered.

An inspection and study of the docket of the justice of the peace affirmatively shows there was no substantial compliance with the requirements of this act. It affirmatively appears that on the 18th of November, two men, C. W. Morris and Jim Warren, appeared before the justice and made affidavit against appellant accusing him of the crime of assault, and that on the same day a warrant was issued and placed in the hands of the constable, and the cause was immediately heard, and that the only evidence introduced at the justice's trial was that of appellant. An examination of the transcript of the evidence in this case fails to show that either Morris or Warren were present at the time of the difficulty. At any rate, neither of them testified at the trial in the circuit court. Such trials do not meet the requirements of the law and can not be pleaded in bar of genuine prosecutions which the accused does not control. *Floyd* v. *State,* 80 Ark. 94; *State* v. *Caldwell,* 70 Ark. 78; Kirby's Digest, § 2499.

Moreover, it appears from the recitals of the justice's judgment that appellant was found guilty of the

degree of assault for which he was tried and that degree was simple assault. It is true that the justice's judgment recites that he finds appellant guilty of an aggravated assault, but the lowest punishment for that grade of assault is a fine of not less than fifty dollars and not to exceed one thousand dollars and some imprisonment in jail not to exceed one year. The fine imposed by the justice was only three dollars, which could not have been imposed for an aggravated assault, and we conclude therefore that the justice was imposing a fine for what he regarded as an aggravated simple assault. Appellant having been convicted before the justice upon the charge upon which he was tried, that of simple assault, a conviction for which is attended by the imposition of a fine only, he can not plead an acquittal for the offense of aggravated assault with the accompanying jeopardy, because he was not tried upon that charge.

Finding no error, on a consideration of the whole case, the judgment of the court below is affirmed.