THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. ROSEBROUGH, Appellant, v. GEORGE A. CASEY, Sheriff of Westchester County, Respondent.— So far as the indictment of September 17, 1936, is concerned, the defendant was in jeopardy after the first jury was sworn. The discharge of that jury precludes the defendant's being tried under that indictment as that involves double jeopardy, and that indictment should be dismissed. As to the other four indictments, however, the writ may not be sustained, because the situation is different. The plea of former jeopardy is not available with reference to a prior proceeding *inter alia* where the court was not legally constituted or where there was a failure to comply with a condition precedent or an indispensable preliminary to a valid trial. At the time the first jury was sworn, the defendant was not accorded his rights when he requested them under section 357, Code of Criminal Procedure, with reference to a two-day adjournment. The prior proceeding, therefore, was not valid so far as the other four indictments were concerned. Compliance with section 357 is a condition precedent to a valid trial. Therefore, it was within the power of the court, since the defendant stood upon his rights under section 357 after the erroneous ruling in reference thereto had been made, to discharge the jury without giving rise to a sound claim of former jeopardy in respect of these four supplementary indictments. (*People ex rel. Meyer* v. *Warden*, 269 N. Y. 426, 428; *King* v. *People*, 5 Hun, 297.) We do not so decide, but it may be that on the trial two of these indictments with respect to second degree rape will be the proper subject of a plea of *res judicata* as a consequence of the successful claim of former jeopardy in respect of the first indictment. This, however, cannot be passed upon on this

incomplete record; it is a matter for the trial judge. A somewhat different question may exist with reference to the two indictments charging sodomy. That question, too, may be passed upon only at the trial, the record herein being insufficient to rule upon it intelligibly. A plea of *res judicata* is not sustainable unless it appear that the prior prosecution of the defendant was for an offense that was the same in law and in fact. (*Burton* v. *United States*, 202 U. S. 344; *People ex rel. Bullock* v. *Hayes*, 215 N. Y. 172.) Stay of trial heretofore granted vacated. Order dismissing writ of habeas corpus affirmed. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.