PER CURIAM.
Appellant A. C. Jackson appeals an order entered by the Court of Record of Escam-bia County, Florida, denying his petition for writ of habeas corpus.
The concise and erudite order of the trial judge is adopted by this court as its judgment herein, viz.:
“This cause coming on to be heard upon 'Petition for Writ of Habeas Corpus. Credit for Valid Time Served Under Void Sentence’ filed July 17, 1964, wherein Petitioner petitions this Court to credit some three years and six months’ time served in Case No. 60-14 under judgment and sentence imposed on January 8, 1960, and which was vacated and set aside under Criminal Procedure Rule 1 (F.S.A. ch. 924 Appendix), to sentence imposed in a subsequent case No. 63-1335 on December 10, 1963, and the Court having considered the matter and being advised in the premises finds from the record in this cause as follows:
“In Case No. 60-14 Petitioner was adjudged guilty and sentenced on January 8, 1960, to a term of six months to fifteen years in the Department of Corrections, and on March 3, 1964, this Court granted Motion to vacate and set aside said judgment and sentence under Criminal Procedure Rule 1. In Case No. 63-1335, Petitioner was adjudged guilty on December 10, 1963, and sentenced to a term of six months to five years in the Division of Corrections under counts in an information unrelated to the Case No. 60-14 aforesaid. Petitioner asks that time under void sentence be applied and credited to time required to be served in the subsequent case and in support of his argument cites Tilghman v. Mayo [Fla.], 82 So. 2d 136 and Tilghman v. Culvers [Fla.], 99 So.2d 282 inter-alia. A review of the cited cases reveals that they are not pertinent to the situation involved in the present cases under consideration in the Petition. The cited cases involve the application of time served and gain time where defendant’s judgments and sentences were set aside and where the trial Court upon conviction and sentence after retrial failed to take into account the time which defendant served under the void sentence along with gain time which he had earned in the same case. The situation is to be distinguished from the question before this Court now in that Petitioner is seeking to have time served under a void sentence applied as credit to a subsequent conviction and sentence involving counts in the Information of another case entirely unrelated to the first case. This Court is without authority to credit time served under void sentence in Case No. 60-14 prior to the date of conviction and sentence, December 10, 1963, in case No. 63-1335, and apply such credit as time served in the latter case, and Petitioner is not entitled to the relief requested, * * ”
Affirmed.
STURGIS, C. J., and WIGGINTON and RAWLS, JJ., concur.