PIERCE, Chief Judge.
Appellant Milton (or Melton) D. Black-mon appeals to this Court from an order entered by the Polk County Criminal Court of Record denying his motion filed therein seeking to be granted credit for time served upon a previous sentence which had been subsequently vacated.
Blackmon was informed against in the Polk County Criminal Court of Record on October 27, 1960, for the offense of breaking and entering the Polk County Blood Center building in Lakeland and stealing therein certain cash and personal property belonging to Blood Center. On the same day he was arraigned in open Court and voluntarily pled guilty to the charges, and was thereupon so adjudged and sentenced to serve a sentence of two years imprisonment.
Thereafter, on April 12, 1971, Blackmon filed in the trial Court his motion seeking credit for some 17 months he had served on the aforesaid sentence before that sentence was vacated and set aside by Court action, and the information nolle prossed. At the time these latter events happened, which was in January or February of 1964, Blackmon was serving a 20 year sentence imposed upon a later conviction. The purpose of the instant petition was to have the original trial Court that imposed the 2 year sentence in 1960 give him credit for the 17 months served thereon before it was set aside and the case nolle prossed. Black-mon puts it very succinctly, although rather bluntly, in his petition when he says he “is having to build 17 more months in the State Penitentiary because of an error made by the State”.
*273 The petition asks that the trial Court order the “Director of the Division of Corrections, to calculate this time, to be applied to what time is remaining on his twenty year sentence or any other sentence he is still serving”. This petition was filed on April 12, 1971, and on April 13, 1971, the same trial Court entered order denying the motion and stating that “The Court knows of no authority that it would have to grant credit on some other sentence that he is serving and not imposed in this Court, which appears to have been subsequently imposed against him.”
From the aforesaid order Blackmon has appealed to this Court. Appointed counsel for Blackmon on this appeal, after reviewing some cases “which indicate to be on point” but conceding that they “are not applicable to the question involved”, suggests that “there is in fact a means by which these years [the 17 months] can be returned to a defendant, and that the way to do so would be to give him the credit for these years [sic] on any other offenses which he might be serving at the time.”
But the granting of any such relief, either in the trial Court or in this Court on appeal, is stymied at the very threshold of consideration by the fact that the Courts have no jurisdiction or authority to make any order with respect to the time previously served by Blackmon which he now contends he should not have been required to serve, specifically 17 months served between the time of the sentence back in October, 1960, and the vacating of that sentence the early part of 1964. See In re Allen, Fla.App.1962, 140 So.2d 640, and Jackson v. State, Fla.App.1965, 172 So.2d 7. Of course, whatever consideration in this respect might be given by any sentencing Court hereafter, if the occasion should so arise, would be entirely up to that Court. The same is true as to any consideration that might be now or hereafter given by the Florida Division of Corrections in connection with the present sentence he is now serving. Such would be the exclusive prerogative of that administrative body. It is only pertinent or necessary to say here that the trial Court was without authority to interfere, and this Court has even less reason to do so.
Affirmed.
HOBSON and MANN, JJ., concur.