THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Respondent, v. WILLIAM R. WILLCOX et al., Constituting the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE FIRST DISTRICT, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADRIAN H. JOLINE et al., as Receivers of the METROPOLITAN STREET RAILWAY COMPANY, Respondents, v. WILLIAM R. WILLCOX et al., Constituting the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE FIRST DISTRICT, Appellants.

**Stare decisis — constitutional law — devolution of legislative authority — carriers — fixing of rates.**

While the decision of the Supreme Court of the United States is controlling in all respects where Federal questions are concerned, and the utmost respect should be paid to its opinion on any legal question, yet so far as it relates to the administration of justice in this state and the powers and proceedings of our own tribunals, it is not controlling.

The function of rate making can be devolved by the legislature on other officers, and the question of what rates are reasonable can be given a judicial or *quasi* judicial aspect.

The obligation of a carrier to carry at a reasonable rate, in the absence of any statutory rate, rests on statute or on the common law; the decree of a court does not create an obligation, but measures an existing one.

*People ex rel. C. P., N. & E. R. R. Co.* v. *Willcox,* 129 App. Div. 908, affirmed.

*People ex rel. Joline* v. *Willcox,* 129 App. Div. 267, affirmed.

(Argued February 8, 1909; decided February 23, 1909.)

Appeals in each of the above entitled proceedings from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 6, 1909, which denied a motion to vacate an order of Special Term directing the issuance of a writ of certiorari to review an order of the defendants directing the receivers of the Metropolitan Street Railroad system and the Central Park, North and East River Railroad Company to put into effect a system of universal transfers between the lines running north and south on Manhattan island operated by the receivers and the Fifty-ninth street line running east and west operated by the company. The fare to the receivers is fixed at three and three-quarters cents. The fare to the relator is fixed at one and one-quarter cents. The aggregate is to be collected by either company which is to account to the other, and each company is to give a bond to the other to secure the payment of the sums due. The order is made under section 49 of the Public Service Commissions Law, which authorizes the commission to compel railroad companies whose lines form a continuous line of transportation or could be made to do so by switch connection to establish through routes and joint rates, and, if they fail to obey, an order authorizing the commission to order the through route and to fix the joint rate.

The following question was certified : " Has the Supreme Court jurisdiction or power to review by certiorari the orders of the Public Service Commission of the State of New York, First District, copies of which are annexed to the petition for the writ of certiorari herein ? "

1909.] People ex rel. C. P., etc., R. R. Co. v. Willcox. 385

N. Y. Rep.]   Opinion of the Court, per Cullen, Ch. J.

*George S. Coleman* and *Oliver C. Semple* for appellants. The order fixes a rate of fare and is a legislative, not a judicial act. (*Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.*, 191 N. Y. 123, 131, 133; *A. C. Line* v. *N. C. C. Commission*, 206 U. S. 1; *I. C. Comm.* v. *C., etc., Ry. Co.*, 167 U. S. 479; *C., M. & St. P. Ry.* v. *Minnesota*, 134 U. S. 460; *S. P. Co.* v. *Board of Railroad Comrs.*, 78 Fed. Rep. 236; *H. T. Co.* v. *Los Angeles*, 211 U. S. 265; *C., M. & St. P. Ry. Co.* v. *Tompkins*, 176 U. S. 167; *W. U. T. Co.* v. *Myatt*, 98 Fed. Rep. 355.)

*William N. Dykman* for Central Park, North and East River Railroad Company, respondent. The power exercised by the public service commission in the case at bar is judicial. (*McCormick* v. *State*, 42 Neb. 866; *Shirley* v. *Birch*, 18 Pac. Rep. 344; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 154 N. Y. 278; Code Civ. Pro. § 2146.)

*John G. Milburn, Arthur H. Masten* and *Robert C. Beatty* for Adrian H. Joline et al., as receivers, respondents. The commission, in making these orders, was acting in a judicial or *quasi* judicial capacity, and, therefore, the orders are reviewable by certiorari. (*People ex rel. Steward* v. *R. R. Comm.*, 160 N. Y. 202; *People ex rel. Loughran* v. *R. R. Comm.*, 158 N. Y. 421; *People ex rel. Linton* v. *B. H. R. R. Co.*, 172 N. Y. 90; *People* v. *N. Y., L. E. & W. R. R. Co.*, 104 N. Y. 58; *Vil. of Saratoga Springs* v. *S. G. & El. Co.*, 191 N. Y. 123; *People ex rel. B. R. R. Co.* v. *R. R. Comrs.*, 32 App. Div. 179; *People ex rel. Burnham* v. *Jones*, 112 N. Y. 597; *People* v. *L. I. R. R. Co.*, 134 N. Y. 506; *People ex rel. P. P. Co.* v. *Martin*, 142 N. Y. 228; *People ex rel. Smith* v. *Hoffman*, 166 N. Y. 462.)

Cullen, Ch. J.   We affirm the order appealed from upon the opinion of Patterson, P. J., in the court below, but as a decision has recently been rendered by the Supreme Court of the United States in the case of *Prentis* v. *Atlantic Coast Line Co.* (211 U. S. 210), which the

386 People ex rel. C. P., etc., R. R. Co. *v.* Willcox.    [Feb.,

Opinion of the Court, per Cullen, Ch. J.    [Vol. 194.

learned counsel for the appellants urges as decisive of this appeal, it becomes necessary to add a brief comment on that case. A majority of the justices of the Supreme Court held in the case cited that the action of the Virginia state corporation commission, created by the Constitution of that state, in fixing future rates of transportation of passengers on railroads was not judicial, but legislative, and, as we read the decision, that it could not be made otherwise even by the constitutional enactments of that state. To that decision, so far as the proposition determined relates to the control of the Federal courts over rates established by the commissions created pursuant to either legislative or constitutional provisions, and in all respects where Federal questions are concerned, we must bow and extend a loyal adherence. So far, however, as it relates to the administration of justice within this state and the powers and proceedings of our own tribunals, it is not controlling upon us, though of course the utmost respect should be paid to the deliberate opinion of so august and able a tribunal upon any legal question. With great reluctance we express our inability to accept the doctrine of the Supreme Court (of course, only within the sphere indicated), as it is opposed to the uniform current of judicial authority in this state, a full review of which, as well as of the action of both Constitution makers and legislatures, will be found in the *Matter of Vil. of Sar. Springs* v. *Saratoga Gas, El. Light & P. Co.* (191 N. Y. 123), in which it was held not only that the function of rate making could be devolved by the legislature upon other officers, but that the very question of what rates are reasonable could be given a judicial or *quasi* judicial aspect. Nor are we now convinced that the function of prescribing a rate is necessarily non-judicial solely because it enforces a rule of conduct for the future. It is true that " A judicial inquiry investigates, declares and enforces liabilities as they stand on present and past facts under the laws supposed already to exist." But a judicial decision often determines in advance what future action will be a discharge of existing liabilities or obligations. A notable instance of this is the specific

enforcement of contracts which are to extend over a long period of time, in which the court may dictate the details of performance. (*Prospect Park & C. I. R. R. Co.* v. *Coney Island & B. R. R. Co.*, 144 N. Y. 152.) In actions for divorce or separation it is the constant practice of the courts to prescribe regulations for the custody and care of children, and also to provide for subsequent modification of those provisions from time to time as circumstances may alter. Indeed, this reservation of the right of either party to apply for a modification on change of circumstances is by no means an uncommon feature of the decrees of courts of equity in all branches of their jurisdiction. If a judicial tribunal is competent to decide that the exaction of five cents is extortionate, and that a tender of three cents is inadequate, it is difficult to see why it may not be empowered to also decide that four cents is a reasonable and proper rate, and that such rate shall continue until circumstances so change that the judgment of the tribunal may again be invoked. The obligation of a carrier to carry at a reasonable rate, in the absence of any statutory rate, rests on statute or on the common law; the decree of a court does not create an obligation, but measures an existing one.

The orders appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

Haight, Vann, Werner, Willard Bartlett, Hiscock and Chase, JJ., concur.

Orders affirmed.