## COUNTY COURT—FRANKLIN COUNTY.
### March, 1910.

## THE PEOPLE v. JAMES MULLEN.

(66 Misc. 476.)

(1). JUSTICE OF PEACE—CODE CRIM. PRO., SEC. 56—JUSTICE MUST, ON DEMAND, ADJOURN CASE TO GIVE DEFENDANT CHANCE TO GO TO GRAND JURY.

In all cases in which a justice of the peace, under section 56 of the Code of Criminal Procedure, has exclusive jurisdiction to try, the justice must, upon the demand of defendant, adjourn the case to give him an opportunity to apply to a county judge for a certificate to take the case to the grand jury; and, if the certificate be not granted, the justice must proceed with the trial without any preliminary examination.

(2). WHEN JUSTICE ENTITLED TO PRELIMINARY EXAMINATION.

A preliminary examination of a criminal charge may be granted by a justice of the peace in those cases only which a Court of Special Sessions cannot try and in which the justice is obliged to discharge the defendant or send the case to the grand jury.

(3). SAME.

A Court of Special Sessions has exclusive jurisdiction in the first instance to try a defendant charged with assault in the third degree; and where, after defendant's application to the county judge under section 56 of the Code of Criminal Procedure for a certificate that the case be sent to the grand jury has been denied, he appears before the justice and his demand for a preliminary examination, under sections 188-190 of the Code of Criminal Procedure, is granted, and after the taking of the testimony his motion to be discharged is denied and he is held for the grand jury, a further application for a certificate that the case be sent to the grand jury, upon the ground that the justice, having heard the testimony, was thereby prejudiced and is unfavorable to defendant and disqualified to try him, will be denied, as the defendant is not obliged to be tried before the justice but is entitled to a jury trial, and if any legal error is committed thereon defendant has a remedy by appeal.

APPLICATION by defendant for a certificate under section 56 of the Code of Criminal Procedure to send the case to the grand jury.

*John W. Genaway, District Attorney,* for plaintiff.

*Charles A. Burke,* for defendant.

PADDOCK, J.:

This is an application by the defendant for a certificate under section 56 of the Criminal Code to send the case to the grand jury. The charge was made before M. H. Burno, justice of the peace of the town of Malone, Franklin county, against the defendant for assault in the third degree. After the defendant was arraigned and pleaded not guilty, an application was made to the county judge for a certificate under section 56 of the Criminal Code on the ground that the defendant had a witness who was out of the State, and that no provisions were contained in the Criminal Code whereby the defendant could procure the attendance or secure the testimony of said witness in his behalf. This application was denied, for the reason that it was not a good ground upon which to grant a certificate, as in case the defendant went to trial before the justice it might be that he would be discharged and not need the testimony of the absent witness, and if convicted he could no doubt procure the allowance of an appeal to the County Court and a new trial (Code Crim. Pro., §§ 754, 764, 768), in which case the County Court could procure, upon his application, the testimony of the defendant's witness under a commission. After said denial, the defendant appeared before the justice on the adjourned day and demanded an examination. The justice granted the same. The witnesses for the prosecution were ex-examined and cross-examined by the defendant's counsel, and

after such examination the justice held the defendant to answer the charge, and adjourned the case to a later day for a trial. The defendant now comes to the County Court upon a second application for a certificate under section 56, claiming that by reason of the justice having granted the preliminary examination upon the request of the defendant, and having heard the evidence and determined that it was sufficient to hold the defendant for trial, the justice is thereby prejudiced and is unfavorable to the defendant, and, by reason of the justice having passed upon the evidence sufficiently to determine that the defendant shall be held for trial, said justice is disqualified to try the defendant, and that the defendant cannot have a fair trial before the justice. The defendant also claims that, at the close of the preliminary examination, he made a motion to be discharged upon the evidence and this the justice denied, and that, having passed upon the evidence in the case by the denial of this motion, the justice thereby formed an opinion in regard to the guilt or innocense of the defendant, and therefore the justice is not impartial. Although the charge was one of assault in the third degree, which the justice had exclusive jurisdiction to try, the defendant, on appearing before the justice, after the application for a certificate under section 56 had been denied, demanded a preliminary examination under sections 188, 189 and 190 of the Code of Criminal Procedure. The defendant having demanded an examination, and the justive having granted the same, and after hearing the evidence, and a motion being made at the close of the testimony to discharge the defendant, and said motion being denied, the defendant now claims that the justice is not impartial by reason of such denial, has formed an opinion upon the evidence and is therefore disqualified to try the defendant. There is no doubt but that the justice committed an error when he granted the defendant's request for a preliminary examination under

sections 188, 189 and 190 of the Code of Criminal Procedure in a case like this, namely, assault in the third degree, which the justice has exclusive jurisdiction to try. All the sections of the Code of Criminal Procedure from 133 to 699 relate exclusively to proceedings prosecuted by indictment and have no bearing upon any action prosecuted without indictment such as are included within section 56 of the Code of Criminal Procedure. *People v. Johnson*, 187 N. Y. 321. There is, perhaps, one exception to this statement, and that comes under section 211 of the Code of Criminal Procedure, and subdivision 38 of section 56. It is true that section 211 refers to subdivision 37 of section 56, but that is plainly an error in the type. It undoubtedly refers to subdivision 38 of section 56 for the reason that subdivision 38 also refers to section 211. In a case coming under section 211, the justice cannot grant a preliminary hearing, for he must, if the defendant requires a trial by a Court of Special Sessions, try him, otherwise only hold the defendant to answer to a court having a grand jury. In other words, in all cases under section 56, which the justice has exclusive jurisdiction to try, the justice must, if the defendant demands it, adjourn the case to give the defendant an opportunity to apply for a certificate to take the case to the grand jury. To refuse to do this is reversible error. *People v. Cowie*, 88 Hun, 498. If the certificate is granted the defendant must be held to answer to the grand jury without any further proceedings. If the certificate be not granted, then the justice must proceed to the trial without any preliminary examination. Preliminary examinations can be granted by the justice in those cases only which Special Sessions cannot try, and in which the justice is obliged to discharge the defendant or send the case to the grand jury. There are besides these two classes of cases another class, those that come under subdivision 38 of section 56, and also section 211. These are cases which the

justice would have jurisdiction to try, but not exclusive juris-
diction to try.  In this class of cases the justice cannot hold
preliminary examination.  The defendant, when informed of
his rights, has the right to choose whether he shall go to trial
before the justice or go to the grand jury, and his election de-
termines the procedure by the justice.  If he elects to go to
trial the justice proceeds to trial without any preliminary ex-
amination; if the defendant elects to go to the grand jury the
justice must hold him to answer before a court having a grand
jury, without any preliminary examination.  In the case at
bar, being assault in the third degree, it was the duty of the
justice to try the defendant, and when the defendant demanded
a preliminary examination it was the duty of the justice to re-
fuse it.

We now come to the question whether having granted the
preliminary examination upon the defendant's request, and
upon the evidence being taken, and the defendant moving to
have the charge dismissed on the ground that the evidence was
insufficient to make a case, and the justice having denied it,
the justice is hereby prejudiced and not impartial to such a
degree that the defendant cannot have a fair trial, and that the
defendant has, by reason thereof, a right to a certificate send-
ing the case to the grand jury.  I do not think the defendant's
claim is tenable.  The fact that the justice, after hearing the
evidence on the part of the prosecution, did deny the defend-
ant's motion to be discharged was no more the forming of an
opinion in regard to the evidence on the part of the justice than
the fact that the justice, at the time the information and depo-
sition was laid before him, determined to issue the warrant.
It was simply a determination by him that the facts warranted
the issuing of a warrant and the holding of the defendant to
trial.  Moreover, the defendant is not obliged to be tried before
the justice.  He has a right to demand a jury trial, and if the

defendant thinks that the justice, by reason of having passed upon the evidence and deposition, and having determined that a warrant should issue, or, as in this case, upon the defendant's request, having heard all the testimony of the complainant and witnesses, the justice decided that a *prima facie* case was made sufficient to put the defendant upon trial, the defendant can demand a jury trial and thus prevent the justice from passing upon the facts and have them determined by a jury of his peers.   If any error is committed, or the defendant is in any way legally prejudiced, defendant has a remedy by appeal. The theory of the statute is that these minor offenses shall be tried and disposed of before the justices, or a Court of Special Sessions.   It is not the intention that any and all of these minor offenses should be sent to the grand jury upon a certificate of a county judge, simply because the defendant asks it.   The law has left it in the discretion of the county judge so that, in case of any reasonable prejudice on the part of the justice, the defendant could secure the protection afforded by this provision of the law.   I do not think that this case is one where the county judge should interfere, but that the defendant should be required to try out his case before the Special Sessions, with or without a jury as required by law.   I so hold, and deny the certificate.

   Application denied.