PEOPLE ex rel. DOMENS v. WARDEN OR KEEPERS OF CITY PRISON.

(Supreme Court, Appellate Division, Second Department.  January 24, 1913.,

1. CRIMINAL LAW (§ 231*)—RIGHT TO EXAMINE WITNESSES.

A person arrested for a misdemeanor was not entitled to a discharge on habeas corpus on the ground that he was held for trial without being confronted with or having an opportunity to cross-examine the complaining witness, in violation of Code Cr. Proc. §§ 194, 195, giving the defendant a right to cross-examine the witnesses against him on an examination before a magistrate if they be in the county, and requiring that witnesses be examined in his presence, where it appeared that the complaining witness was not within the state.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 412, 479–481;  Dec. Dig. § 231.*]

2. CRIMINAL LAW (§ 233*)—EVIDENCE—DEPOSITION.

A deposition upon which a warrant was issued for the arrest of the defendant could not be used against him at his trial, where he had no opportunity to cross-examine such witness at the preliminary examination.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 486;  Dec. Dig. § 233.*]

Appeal from Special Term, Kings County.

Habeas corpus by the People, on the relation of George R. Domens, against the Warden or Keepers of the City  Prison, City of New York. From an order sustaining the writ, and discharging the relator, defendant appeals.  Reversed, writ dismissed, and relator remanded.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, and Harry G. Anderson, Asst. Dist. Atty., of New York City, on the brief), for appellant.

Jacob Eilperin, of Brooklyn, for respondent.

CARR, J.  [1] The relator in this proceeding was arrested under a warrant issued by a city magistrate of the city of New York, in the borough of Brooklyn, on the charge of a misdemeanor.  There is no question on this appeal as to the  sufficiency of the deposition on which the warrant was issued.  On the relator's arrest, he was arraigned before a city magistrate, and appeared by counsel and demanded an examination, pursuant to chapter 7 of the Code of Criminal Procedure. It further appears from the record that the hearing of the examination was adjourned four times, in order to enable the people to produce one of the witnesses, who had made a deposition upon which the warrant was issued, and which was necessary to sustain the issuance of the warrant.  It likewise appeared that on the various days of the adjournment this witness could not be found within the county of Kings, in which the proceeding was being had, nor within the state.

On the last adjourned date it was admitted by counsel for the relator in open court that the witness in question was and had been during

_____

*For other cases see same topic & § NUMBER.in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the time in question absent from the state of New York, and sojourn-
ing or resident in the state of Pennsylvania.   On the failure of the
prosecution to produce this witness for cross-examination by the re-
lator, his counsel demanded the discharge of the prisoner.   The mag-
istrate denied the motion, and, on the strength of the depositions be-
fore him, held the prisoner for trial in the Court of Special Sessions.
He fixed bail in the meantime at the sum of $500, making the commit-
ment accordingly.   The relator was thereupon committed to the City
Prison, subject to being discharged upon bail as fixed by the city mag-
istrate, to await the trial of the charge against him in the Court of Spe-
cial Sessions, as is·provided for by statute covering such matters in
the city of New York.   A writ of habeas corpus was sued out by the
relator, and the learned court at Special Term in Kings county sus-
tained said writ, and discharged the relator from custody, assigning
reasons specified in the order as follows:

"Upon the ground that the magistrate held the relator for trial, without
confronting him with his accuser or affording him an opportunity to cross-
examine the witnesses produced against him."

Sections 194 and 195 of the Code of Criminal Procedure provide
as follows:

"Sec. 194. Depositions, to be Read on Examination, and Witnesses Exam-
ined.—At the examination, the magistrate must, in the first place, read to
the defendant the depositions of the witnesses examined on the taking of the
information, and if the defendant request it, or elects to have the examina-
tion, must summon for cross-examination the witnesses so examined, if they
be in the county.   He must also issue subpœnas for additional witnesses re-
quired by the prosecutor or defendant.

"Sec. 195. Examination of Witnesses to be in Presence of Defendant, and
Witnesses to be Cross-Examined in His Behalf.—The witnesses must be ex-
amined in the presence of the defendant, and may be cross-examined in his
behalf."

Both of these sections must be read together, and it is evident that
the "witnesses" mentioned in section 195 are the "additional witnesses"
mentioned in section 194.   The question then resolves itself into
whether a committing magistrate may hold a prisoner for trial if the
people fail for any reason to produce for cross-examination, on the de-
mand of the prisoner, the person examined on the taking of the in-
formation upon which the warrant was issued.   The duty of summon-
ing into court for cross-examination a person who made a deposition
is imposed expressly by statute upon the magistrate, if the prisoner so
demand; but this duty is not an absolute one, for it exists only, as
section 194 specifically provides, where such witness is in the county
in which the proceeding is being prosecuted.   Here it was conceded
that the necessary witness, who had made the deposition, was not only
not within the county, but not within the state.

Was the magistrate obliged, under such circumstances, to discharge
the prisoner?   We think not, for the depositions taken before him
were sufficient on their face to show the commission of a crime of
which there was probable cause to believe the defendant guilty.   Ac-
cordingly, the magistrate had the right to hold the prisoner for trial,
provided the circumstances made it impossible to produce the depos-

ing witness for cross-examination by the prisoner. The proceeding of arraignment and examination is wholly statutory. The prisoner is entitled to the full benefit of the statute under its express terms, but here the statute was not violated. He was not afforded an opportunity of cross-examination, not through any neglect or refusal of his right by the magistrate, but because the existing circumstances had deprived the magistrate of the physical and legal power to compel the attendance of the witness, for he was not within the state.

The record before us on appeal shows that the counsel for the relator, on the hearing before the magistrate, demanded the discharge of his client, on the ground that the failure to produce the complaining witness for cross-examination deprived the prisoner of the constitutional right to be confronted with his accuser. Whether this right is provided for by our Constitution as arising from the Bill of Rights, and as such is to be implied in the provisions of our Constitution, it is not necessary to discuss here, because, as has been held uniformly, such right exists only on the trial of the criminal charge. And in this state it is subject to the qualification that if, in a preliminary examination before the indictment or trial, the prisoner has been confronted with his accuser and has had an opportunity to cross-examine him through counsel, then the testimony of the accuser, so taken in the preliminary examination, may be used at the trial, provided such witness should thereafter die or be beyond the jurisdiction of the court at the time of the trial. People v. Fish, 125 N. Y. 136, 26 N. E. 319.

[2] At a trial of this relator before the Court of Special Sessions, the depositions taken on the issuance of the warrant in this proceeding could not be used as evidence against the defendant, because of the failure to afford him an opportunity to cross-examine, at the preliminary examination, the witness in question. On this appeal the relator has submitted no brief, but in the oral argument of his counsel he insisted most strongly that the provisions of the Code of Criminal Procedure itself gave no power to the magistrate to commit for trial unless there had been an opportunity to the prisoner to cross-examine the person who had been previously examined on the taking of the information. In this view we do not concur. Under the circumstances of this case, as hereinbefore stated, there was no illegal refusal of the right to cross-examination. The difficulty arose from a legal and physical impossibility on the part of the court to summon the missing witness and to produce him in court for the purpose of such cross-examination. If this situation should continue, then it will not work to the disadvantage of the prisoner if he be brought to trial.

The order should be reversed, the writ dismissed, and the relator remanded to custody under the terms of the commitment of the magistrate. All concur.