In the Matter of the Application of THE CITY OF NEW YORK, Appellant, for an Alternative Prohibition Order against MILO R. MALTBIE, Chairman, and Others, Constituting the Public Service Commission of the State of New York, and JAMAICA WATER SUPPLY COMPANY, Respondents.*

Third Department, June 25, 1936.

* Affg. 158 Misc. 439.

*Paul Windels, Corporation Counsel* [*Joseph L. Weiner* of counsel; *Paxton Blair* and *Herman Horowitz* with him on the brief], for the appellant.

*Sherman C. Ward, Acting Counsel to the Public Service Commission* [*George E. McVay* of counsel], for the respondent Public Service Commission.

*Cullen & Dykman* [*Jackson A. Dykman* of counsel; *Jules Haberman* with him on the brief], for the respondent Jamaica Water Supply Company.

McNamee, J.  The defendant Jamaica Water Supply Company is a domestic corporation furnishing water for domestic, commercial and public purposes, and supplying water and hydrant service to parts of the city of New York.  In the past these services have been rendered by the water company to the city, at an agreed price, under a contract with the commissioner of water supply, gas and electricity, pursuant to provisions of the charter of the city of New York.  The commissioner reduced the amount per hydrant to be paid by the city, and the water company refused to accept the altered price.

The Public Service Commission thereafter made an order, upon its own motion, instituting a proceeding to commence October 11, 1934, for an investigation " as to the rates, charges or classifications of service for water sold and delivered by Jamaica Water Supply Company."  This order was duly served, but the city did not appear in the proceeding.  The Commission took proof, and on January 23, 1936, fixed a flat annual rate of forty dollars per hydrant to be paid for public fire protection throughout the entire territory served by the water company, including parts of the city of New York.  On the following day, by order to show cause, the city applied for an alternative prohibition order, requiring the Public Service Commission and the water company " to desist and refrain from any proceedings and determinations with respect to rates for hydrant services," to be furnished in the city of New York.  It is from the order of the Special Term denying that application that this appeal was taken.

The reasonableness of the hydrant rate as fixed was not questioned, but the city raised the single question of jurisdiction, and denied that the Public Service Commission had power to fix any rate to be paid by the city to the water company.  And the appel-

lant further insists that prohibition is the proper remedy here, despite the fact that the determination of the Public Service Commission was effected before the city's application was made, on the theory that the Commission may attempt to enforce its rate order.

To support this position the appellant cites *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24); but that was a criminal case in which the Supreme Court made an order requiring the district attorney to divulge information in his possession concerning the crime, before trial, which was not admissible in evidence. Notwithstanding the impropriety of the order, the district attorney was compelled to comply in order to avoid contempt, as no other review of the order was possible. Also, *People ex rel. Sprague* v. *Fitzgerald* (15 App. Div. 539; affd., 156 N. Y. 689) is cited to the same end. There prohibition was granted to prevent a surrogate from the threatened enforcement of a void decree. And again, *Quimbo Appo* v. *People* (20 N. Y. 531) is urged as an authority for the relief here sought. That was a case, however, where a court announced its intention to set aside a verdict of conviction at a time when that power was not confided to it. These cases and others of similar import pointed to by the appellant are not illustrations of the principle to be applied in this decision.

Here the proceeding was brought to restrain the Public Service Commission from performing an official act which had been consummated before the application for prohibition was made. The rate had been fixed. If the appellant were aggrieved by the rate order of the Public Service Commission, certiorari was available to review it. (Civ. Prac. Act, § 1304; *People ex rel. Central Park, etc.,* v. *Willcox,* 194 N. Y. 383.) No further harm, if any have been done, can come to the appellant unless the Commission assumes to enforce its order, in which case remedy by injunction would be available for the protection to which it might be entitled; and to this the appellant has resorted already.

Prohibition is not favored by the courts, and is never issued as a matter of right, but only in a sound discretion when there is no other remedy; it is not given for the correction of errors, but only to prevent usurpation of jurisdiction, or the exercise of power in an illegal manner or beyond the jurisdiction conferred; and it will be granted only in extreme necessity when the grievance cannot be redressed by the ordinary proceedings at law, in equity, or by appeal. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 393; *People ex rel. Childs* v. *Extraordinary Trial Term,* 228 id. 463, 468; *People ex rel. Cuvillier* v. *Hagarty,* 238 id. 621.) As noted, the appellant here did not seek its remedy by certiorari, and has resorted to its

remedy by injunction. The alternative order of prohibition was properly denied by the Special Term.

The order appealed from should be affirmed, with fifty dollars costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Order denying writ of prohibition affirmed, with fifty dollars costs and disbursements.