In the Matter of the Application of WILLIAM P. ALMROTH and FRANK E. ALLEN, Petitioners, for an Order against JOHN P. BOLAND and Others, Individually and as Members Constituting the NEW YORK STATE LABOR RELATIONS BOARD, and the NEW YORK STATE LABOR RELATIONS BOARD, Respondents.

Supreme Court, Albany County, June 2, 1939.

*Scheiberling & Schneider* [*John J. Donohue* of counsel], for the petitioners.

*Ralph T. Seward* [*J. Griffin McKiernan* of counsel], for the respondents.

SCHIRICK, J. This is a proceeding, in the nature of prohibition, pursuant to article 78 of the Civil Practice Act, to restrain the respondent, the New York State Labor Relations Board, from reopening this matter and holding new hearings, pursuant to its order and notice of hearing, dated April 26, 1939. That order and notice of hearing directs a hearing " concerning the unfair labor practices alleged in said charge of July 15, 1938 and in paragraphs ' 8 ' and ' 9 ' of the complaint herein, and also in regard to the allegations in paragraphs ' 6 ' and ' 10 ' of the complaint herein."

The able and exhaustive brief of the respondents conclusively shows that no judicial review of interlocutory determinations of the Board is available. The sole remedy is by appeal from the final order of the Board, as provided by section 707 of the Labor Law. (*Matter of Wallach's, Inc.,* v. *Boland,* 277 N. Y. 345; *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.,* 301 U. S. 1.)

The petitioners concur in this statement. They concede that " they can not now *review* the order of April 26, 1939." They insist, however, that they are not appealing from that order, nor are they seeking a review of it. The petitioners' position is that the Board is about to act without, or in excess of, its jurisdiction, and that this proceeding, in the nature of prohibition, is the proper preventive remedy. They state, correctly, that prohibition is a preventive, not a remedial process. It is not its function to review anything. (See *People ex rel. Jones* v. *Sherman,* 66 App. Div. 231.)

It should be pointed out at the outset that the writ and order of prohibition have been abolished. (Civ. Prac. Act, § 1283; Laws of 1937, chap. 526.) The relief theretofore obtained by means of such writ or order shall hereafter be obtained only as provided for by article 78 of the Civil Practice Act. Section 1285 of that article contains the following provisions:

" Except as otherwise expressly provided by statute, the procedure under this article shall not be available to review a determination in any of the following cases: * * *

" 3. Where it does not finally determine the rights of the parties with respect to the matter to be reviewed.

" 4. Where it can be adequately reviewed by an appeal to a court or to some other body or officer.

" 5. Where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application; unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed."

It would seem, pursuant to those provisions, that as a matter of procedure the remedy sought by the petitioners is not available.

In view, however, of the importance of the question which is here raised, the court deems it expedient to decide the substantive issue. Has the New York State Labor Relations Board jurisdiction to reopen the matter for rehearings upon the issues presented in paragraphs " 8 " and " 9 " of the complaint?

Those paragraphs are as follows:

" 8. On or about June 23, 1938, the respondent, through its officers and agents, for the purpose of discouraging and interfering with membership in the Union and all efforts of representatives of the Union to organize the employees of the respondent for the purpose of collective bargaining and other concerted activities, threatened and demanded that the said Union's representatives cease and discontinue any and all efforts to organize the respondent's employees and further sought to induce the said representatives to discontinue their efforts as aforesaid by offering to them money or other things of value to cease and discontinue their efforts as aforesaid.

" 9. By reason of the acts set forth above in paragraph ' 8 ' above, the respondent has engaged in and is engaging in an unfair labor practice within the meaning of Section 704, subdivision 10, of the act."

They are based upon a charge lodged with the Board by the Hotel and Restaurant Employees Union, Local 471, dated July 15, 1938, and reading as follows: " On June 23, 1936, Mr. W. P. Almroth, an official of the Home Food Company, came to our headquarters at 39 South Pearl Street, Albany, N. Y., and demanded that we cease our efforts to organize the employees of this restaurant, meeting with no success he further attempted to intimidate the officers of the Union, and offered to pay said officers ' a reasonable amount each month ' if said officers would agree to cease their activities in organizing the employees of the Home Food Company."

The petitioner urges that this charge fails, as a matter of law, to state facts constituting an unfair labor practice. If that is so, it follows, by virtue of subdivision 2 of section 706 of the Labor Law, that the Board has no power to issue a complaint or order a hearing. Subdivision 2 of section 706 reads as follows: " Whenever

a charge has been made that any employer has engaged in or is engaging in any unfair labor practice, the Board shall have power to issue and cause to be served upon such employer a complaint stating the charges in that respect and containing a notice of hearing before the Board at a place therein fixed to be held not less than seven days after the serving of said complaint."

The term "unfair labor practice" means only those unfair labor practices listed in section 704. (§ 701, subd. 7.)

Section 704 contains ten subdivisions. The first nine list specific actions constituting unfair labor practices. Subdivision 10 reads as follows:

"10. To do any acts, other than those already enumerated in this section, which interfere with, restrain or coerce employees in the excercise of the rights guaranteed by section seven hundred three."

The petitioners insist that this subdivision adds nothing to the preceding nine subdivisions. If it did, they contend, it would permit the Board to excercise legislative powers, and would be unconstitutional.

This contention reaches the heart of the problem, and its disposition will dictate the decision of the case.

Section 1 of article 3 of the Constitution of the State of New York provides: "The legislative power of this State shall be vested in the Senate and Assembly."

It is established constitutional doctrine that the legislative power may not be delegated. (*People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533.)

The Legislature may not delegate the fixing of policies or establishment of standards. It may, however, empower the body intrusted with the execution of such policies to make rules and decisions to carry into effect its policies and standards. (*Darweger* v. *Staats*, 243 App. Div. 380; affd., 267 N. Y. 290.)

The principles here set forth are so firmly embodied in our law as to require no citation of chapter and verse. Difficulty is encountered only in the application.

Subdivision 10 of section 704 of the Labor Law makes it an unfair labor practice to do acts, other than those already enumerated, which interfere with the rights guaranteed by section 703. Section 703 states a well-defined policy and grants an express right: "Employees shall have the right of self organization, to form, join, or assist labor organizations, to bargain collectively through representatives, of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection, free from interference, restraint, or coercion of employers."

It is not at all times possible for the Legislature to foresee in advance all the devious and novel methods by which its declared policy may be thwarted. Power may lawfully be conferred upon the body designated to administer the law to forbid, in individual cases, acts and practices which clearly interfere with the execution of such policy.

It may happen, of course, that in certain cases the decision of the administrative body is in excess of the powers conferred upon it. Such decision may be attacked after, but not before, it is rendered.

The court is of the opinion that the respondent has ample jurisdiction to issue the order and notice of hearing which are here under attack. The application is, therefore, denied.

Application denied.