In the Matter of the Application of WILLIAM P. ALMROTH and FRANK E. ALLEN, Petitioners, Appellants, for an Order Restraining JOHN P. BOLAND and Others, Individually and as Members Constituting the New York State Labor Relations Board, and the NEW YORK STATE LABOR RELATIONS BOARD, Respondents, from Proceeding or Taking Any Action under and Pursuant to an Order of Said New York State Labor Relations Board, Dated April 26, 1939, in the Matter Known on the Records of Said Board as Case No. CU-87, and from Holding a Hearing in Said Case on May 4, 1939, as Directed by Notice of Hearing Annexed to Said Order█

Third Department, January 10, 1940.

*Scheiberling & Schneider* [*John M. Schneider* of counsel; *John J. Donohue* with him on the brief], for the appellants.

*Ralph T. Seward* [*Eugene Cotton* of counsel; *Bernard Jaffe* with him on the brief], for the respondents.

HILL, P. J.   Appeal by petitioners from a denial of their application for an order (prohibition) restraining respondents from taking action on charges concerning unfair labor practices.   Respondents purported to act under article 20† of the Labor Law (the Little

Wagner Act). The proceeding was commenced by the service upon petitioners of a " complaint," unsigned and unverified, containing a caption, twelve numbered paragraphs and a prayer for relief. A " charge," signed and verified by " Jack Davis — Business Agent Hotel and Restaurant Employees Union Local 471," details claimed unfair labor practices in three particulars, (1) refusal by employer to negotiate with the union representing a substantial majority of his employees, (2) his domination of employees " so as to interfere with the formation of the union," and (3) that employer required that applicants for jobs promise to refrain from joining the union. Petitioners, by their answer, denied not only the three items of the " charge," but also all contained in the " complaint." Hearings were had on the issues thus raised before a member of the Labor Relations Board on October 5 and 14, 1938. He sustained an objection made by petitioners to the receipt of evidence as to paragraphs 8 and 9 of the " complaint " because they were not mentioned in the " charge." These stated that petitioners " threatened and demanded that the said union's representatives cease and discontinue any and all efforts to organize the respondent's employees and further sought to induce the said representatives to discontinue their efforts as aforesaid by offering to them money." After the October 14, 1938, hearing no further steps were taken until April 26, 1939, when the Labor Board made an order directing that further hearings be had for the purpose of taking evidence concerning charges 6, 8, 9 and 10 contained in the " complaint." On the following day a copy of the order, a second verified " charge " and notice of a hearing on May fourth were mailed to petitioners. The new " charge " had to do with the offering of money to union officials.

The order of prohibition is asked (1) because due and timely notice of the hearing was not given. The Labor Law requires that a complaint be served on the employer seven days in advance (§ 706, subd. 2) and the Civil Practice Act requires three days additional if served by mail (§ 164). Only seven days elapsed between the service of the order and annexed papers and the date fixed for the proposed hearing. (2) That the offering of a bribe to a union member or official is not listed in the statute as an unfair labor practice. (Labor Law, § 704.)

An order of prohibition should not be granted to prevent error which may be corrected on appeal. (*People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463; *People ex rel. Livingston* v. *Wyatt*, 186 id. 383; *People ex rel. Hummel* v. *Trial Term*, 184 id. 30; *People ex rel. Mayor* v. *Nichols*, 79 id. 583.) It is an extraordinary remedy, ordinarily used to prevent a subordinate tribunal

from exercising *ultra vires* jurisdiction. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24; *People ex rel. Safford* v. *Surrogate's Court*, 229 id. 495; *People ex rel. Jerome* v. *General Sessions*, 185 id. 504; *Quimbo Appo* v. *People*, 20 id. 531.)

Proper notice was given for the 1938 hearings. The " complaint " then served contained charges of bribery which were denied by petitioners. Short notice for the rehearing was given if the statutes earlier referred to are applicable. Resort should not be had to this extraordinary and summary remedy to decide, in advance of the final determination by the Board, whether the same notice was required for a rehearing as for the first, or whether the offer to adjourn the May fourth hearing cured the omission to give ten days' notice by mail.

The Board asserts that the provision which makes it an unfair labor practice for an employer " to do any acts, other than those already enumerated in this section, which interfere with, restrain or coerce employees in the exercise of the rights guaranteed " (Labor Law, § 704, subd. 10); includes an attempt to bribe in connection therewith. We are not now required to determine whether this omnibus residuary paragraph or another which makes it an unfair labor practice " to  *  *  *  interfere with the formation, existence, or administration of any employee organization or association," etc., etc. (subd. 3), applies. The Labor Relations Board while having no jurisdiction to punish bribery as such, is permitted to receive evidence thereof as bearing upon a claimed unfair labor practice. The issues raised can be determined better upon a complete record following action by the Board than on the preview given by this limited record.

The application for an order of prohibition should be denied and the order appealed from affirmed, with costs.

CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with fifty dollars costs.