In the Matter of the Application of JANETTE BARBER, Petitioner, for an Order, Formerly Designated as an Order of Prohibition, against WILLIAM S. RICHARDSON, City Judge of the City of Binghamton, New York, and HERMAN F. NEHLSEN, as Attorney for the People of the State of New York, Respondents, on the Complaint of LOUIS L. PALKOVIC, Respondent.

Supreme Court, Special Term, Broome County, April 17, 1941.

*Theodore H. Cohn,* for the petitioner.

*Samuel W. Bernstein, Assistant Corporation Counsel,* for the respondents.

DEYO, J. The petitioner herein, who has pleaded not guilty to a misdemeanor charge in the City Court of Binghamton, New York, sought to examine the complaining witness before trial. The city judge denied the motion and set a trial date. A notice to appeal from his decision has been filed with the County Court. This

proceeding is brought pursuant to article 78 of the Civil Practice Act to restrain the respondents from proceeding with the trial.

The respondents contend that the relief herein sought is not available to the petitioner because of the limitations imposed by section 1285 of the Civil Practice Act. This position is not tenable. Section 1285 provides: " Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases:

" * * *

" 2. Where it was made in a criminal matter, except a criminal contempt of court.

" * * *

" 4. Where it can be adequately reviewed by an appeal to a court or to some other body or officer."

Section 1284 of the Civil Practice Act provides: " The expression ' to review a determination ' refers to the relief heretofore available in a certiorari or a mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, quasi-judicial, administrative or corporate functions, which involves an exercise of judgment or discretion." The difficulty with the respondents' argument is that the relief herein sought is not that which was formerly available by certiorari or mandamus, but that which could be obtained under the old practice, by the order or writ of prohibition. The substitution of article 78 for the three earlier proceedings came as a result of an extensive study made by the Judicial Council of the State of New York, culminating in its report rendered in 1936. A reading of this report clearly indicates that no change in the substantive law was contemplated or intended. The relief theretofore granted by mandamus, certiorari and prohibition was neither limited nor extended. The only change that was sought was unification of the proceedings by which such relief could be obtained and a codification of the existing substantive law. The purpose and scope of all three remedies remained the same. Prohibition continued to be available in any case, criminal or civil, where it was necessary and proper to restrain a tribunal exercising either judicial or quasi-judicial functions from proceeding without or in excess of its jurisdiction. (*Matter of Culver Contrg. Corp.* v. *Humphrey*, 268 N. Y. 26; *Matter of Almroth* v. *Boland*, 258 App. Div. 378.)

From a careful reading of section 1285 it becomes obvious that it applies only to those cases which might formerly have been the subject of mandamus or certiorari. It has its source in former sections dealing with these remedies. (Civ. Prac. Act, old §§ 1285, 1286 and 1312.) It is obvious that it was not intended to include

prohibition, since it speaks of reviewing a determination, which is not and never was the purpose of prohibition. (6 Wait's N. Y. Practice [1940 Supp.], p. 32 *et seq.*) " Prohibition is a preventive, not a remedial process. It is not its function to review anything." (*Matter of Almroth* v. *Boland,* 171 Misc. 314, 315; affd., 258 App. Div. 378.)

However, quite apart from the statutory provisions, the remedy heretofore designated as prohibition is not particularly favored by the courts, and is granted only in the discretion of the court when there is no other remedy, and in cases of extreme necessity where the grievance cannot be restrained by less drastic proceedings at law, in equity or by appeal. (*Matter of City of New York* v. *Maltbie,* 248 App. Div. 36, 38; affd., 274 N. Y. 464; *People ex rel. N. Y. Disposal Corp.* v. *Freschi,* 173 App. Div. 189, 190; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379, 383; *Matter of Hogan* v. *Supreme Court,* 258 App. Div. 174, 176; revd. on other grounds, 281 N. Y. 572.)

Despite some dicta to the contrary in *People ex rel. Domens* v. *'Warden, etc.* (154 App. Div. 728; appeal dismissed, 209 N. Y. 519), I have never understood that there was any right to examine a complaining witness before trial except in a case involving an indictable offense (*People* v. *Mullen,* 66 Misc. 476); nor has it been my understanding that an appeal would lie from intermediate orders in a misdemeanor case. (Code Crim. Proc. §§ 520, 749; *People* v. *Brindell,* 194 App. Div. 776; *People* v. *Kraft,* 229 id. 281.) Be that as it may, it cannot be denied that should the petitioner herein be convicted after a trial, an appeal will lie from such conviction and upon such appeal all intermediate orders can be brought up for review and the questions raised thereby determined. It has been held repeatedly that this right to a review by appeal, even though the defendant may first be required to stand trial, is ordinarily sufficient protection, and except under extraordinary circumstances, bars the more drastic relief of prohibition. (*Matter of Cooley* v. *Wilder,* 234 App. Div. 256; *People ex rel. N. Y. Disposal Corp.* v. *Freschi, supra; Matter of Mecca* v. *Woltz,* 142 Misc. 535; *Matter of DeFazio* v. *Oneida County Court,* 140 id. 487; affd., 236 App. Div. 822; High on Extraordinary Legal Remedies [3d ed.], 718.)

I am of the opinion that the rights of the petitioner herein may be adequately and amply protected by other legal remedies at his disposal. Motion denied, without costs.

Submit order.