Frank A. Gulotta, J.
This is an application, pursuant to article 78 of the Civil Practice Act, for an order prohibiting the District Court of Nassau County and the Judges thereof from taking any further steps or action in connection - with a prosecution of the petitioner except as a youthful offender.
On October 2, 1958, petitioner was charged, in the District Court of Nassau County, with a violation of subdivision 4 of section 20 and subdivision 1 of section 11 of the Vehicle and Traffic Law of the State of New York, each being misdemeanors. He was then 18 years of age. Upon arraignment he applied for youthful offender treatment. The District Attorney recommended that petitioner he investigated for the purpose of determining whether he was eligible to be adjudged a youthful offender. The petitioner signed the necessary consent required by subdivision 3 of section 913-g of the Code of Criminal Procedure whereupon the Judge then presiding ordered an investigation to be made by the Probation Department of Nassau *23 County to assist him to determine whether petitioner was eligible to be adjudged a youthful offender. The Probation Department, because of its great volume of work with more pressing and serious cases, said it could not make the investigation requested and remitted the matter to the District Court. Because he had no probation report before him, the Judge then presiding denied petitioner youthful offender treatment and ordered the case tried in the Traffic Part of the District Court rather than the Youth Part. Immediately following this ruling, and prior to trial, petitioner appealed therefrom to the County Court of Nassau County. That court dismissed the appeal as being one from an intermediate order and therefore not appealable.
Petitioner now seeks this remedy contending that the action of the District Court has unjustly deprived him of a right and the protection afforded him under title "VTI-B of the Code of Criminal Procedure (“Proceedings Respecting Youthful Offenders”).
The protection afforded under title VII-B is not a right but a privilege which may be granted to a youth “ [s]hould the court determine that the defendant is eligible to be so adjudged ’ ’. (Code Grim. Pro., § 913-g, subd. 4.) Before any rights can flow from this act to a defendant there are certain preliminary steps that must be taken. First, there must be a recommendation by the District Attorney or the court6 ‘ that the defendant be investigated for the purpose of determining whether he is eligible to be adjudged a youthful offender ” (§ 913-g, subd. 1); second, if the recommendation be made by the District Attorney, as it was in this case, it must have the approval of the court; third, the defendant must consent to a physical and mental examination, if deemed necessary, to an investigation and questioning and to a trial without jury, should a trial be had; fourth, after the examinations, investigation and questioning the court shall determine whether the defendant is eligible to be adjudged a youthful offender. If all four of these conditions are met the defendant is entitled to the benefits of 41 youthful offender treatment ’ ’.
In the case at bar the first three conditions precedent were met. However, when it came to the fourth, the Judge refused his final approval because he had no probation report. Petitioner contends this was error. If it be error, petitioner’s remedy is by appeal and he cannot substitute therefor an order of prohibition (22 Carmody-Wait, New York Practice, p. 340 et seq.).
Petitioner’s quarrel seems to be with the criminal law in that it permits no appeal from an intermediate order. Be that as it may, that is the law. (People v. Flaherty, 206 App. Div. *24 733; Matter of Barber v. Richardson, 176 Misc. 210; People ex rel. Stabile v. Warden of City Prison, 139 App. Div. 488, 497, affd. 202 N. Y. 138.)
Because of this principle of the criminal law, petitioner points out that he will have to suffer the chagrin of a public trial and possible conviction as a misdemeanant before he can test, what he claims to be, an error on the part of the court. While this may be so, nevertheless it is no basis for an order of prohibition. (Spiegel v. County Court of Kings County, 129 N. Y. S. 2d 109.)
Prohibition is an extraordinary remedy and an order will issue only in cases of extreme and unusual necessity, where petitioner would be remediless without it, and where the grievance cannot be redressed by ordinary proceedings or by appeal. (Matter of Barber v. Richardson, supra; Matter of City of New York v. Maltbie, 248 App. Div. 36, affd. 274 N. Y. 464.) Generally speaking, unless a court is about to usurp a jurisdiction it does not possess or exceed its powers in connection with jurisdiction it does possess, an order of prohibition should be denied. An error in the process of the court that does not go to the jurisdiction of the court cannot be a basis for prohibition. Here the court had jurisdiction of the person and the subject matter.
Returning again to the “ Youthful Offenders Act”, subdivision 3 of section 913-g of the Code of Criminal Procedure reads in part: “ the * * * information shall be held in abeyance and no further action shall be taken in connection with such * * * information until such examinations, investigation and questioning are had of the defendant. ’ ’
It may be, therefore, that after the preliminary approval of his application by the court, the defendant was entitled to have his request passed upon on its merits rather than denied, not in the exercise of discretion, but as a matter of course, due to the absence of a probation report. But even so, this does not present a jurisdictional question justifying the use of a writ of prohibition. Actually this seems to be an indirect effort to have the court pass upon the duties of the Probation Department; but if such an issue is to be considered, it seems to me that this would be more appropriately done in some direct proceeding such as an article 78 proceeding in the nature of mandamus, wherein the Probation Department would be a party and would have an opportunity to be heard.
Section 931 of the Code of Criminal Procedure entitled “Investigation” provides for a prompt report by probation officers when directed by the court on the circumstances of an offense, criminal record and social history of a defendant. But *25 the meaning of this should not be decided in the absence of the party most concerned.
Furthermore it is by no means clear that section 913-g requires an investigation report by the Probation Department and no one else, before an adjudication may be made that a defendant be treated as a youthful offender. However, questions such as this must be decided by the court in which they occur, if we are to have an orderly administration of justice.
Order of prohibition denied. Short-form order signed.