George B. Murtaugh, J. P.
The defendant is presently before this court charged with a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. The defendant has moved, after arraignment, for an examination of the People’s witnesses under sections 8 and 194 of the Code of Criminal Procedure.
“ This motion has its rationale in a patent misconception on the part of defendant’s counsel concerning the preliminary procedural rights of a defendant charged with a misdemeanor ” (People v. Dunn, 5 Misc 2d 1063). Preliminary examinations are covered by sections 188 through 221-b of the Code of Criminal Procedure. Such sections are contained in part IV of the Code of Criminal Procedure. Part IV of the code relates to “ Proceedings in Criminal Actions Prosecuted by Indictment.” A misdemeanor under the Vehicle and Traffic Law is within the exclusive jurisdiction of a Court of Special Sessions. (Code Crim. Pro., § 56, subd. 35.) A violation of subdivision 5 of section 70 of the Vehicle and Traffic Law is not a criminal action prosecuted by indictment. No application for removal under sections 57 and 58 of the Code of Criminal Procedure having been made in this case, this court retains exclusive jurisdiction. (People v. Cuatt, 70 Misc. 453, 457.)
‘ ‘ Preliminary examinations can be granted by the justice in those cases only which Special Sessions cannot try, and in which the justice is obliged to discharge the defendant or send the case to the grand jury.” (People v. Mullen, 66 Misc. 476, 479.) “ Despite some dicta to the contrary in People ex rel. Domens v. Warden, etc. (154 App. Div. 728, appeal dismissed 209 N. Y. 519), I have never understood that there was any right to examine a complaining witness before trial except in a case *138 involving an indictable offense ” (Matter of Barber v. Richardson, 176 Misc. 210, 212).
The defendant’s motion for an examination of witnesses is, in all respects, denied.