Alexander W. Kramer, J.
Defendant stands charged with the violation of section 600 of the Vehicle and Traffic Law, a misdemeanor. The attorney for the defendant has applied for a preliminary examination pursuant to section 190 of the Code of Criminal Procedure. In making such application, he relies upon the strict verbiage contained in section 190 of the code, as well as the dissenting opinion of Judge Breitel in People v. Jeffries (19 N Y 2d 564).
The point at issue, decided in Jeffries, involved the sufficiency of the information in that case. The majority opinion found that the information was insufficient and directed the reversal of the judgment and dismissal of the information, as well as the *675 remission of the fine. Judge Bebitbl in his dissent thought that the information was sufficient and voted for the affirmance of the judgment. It is true that in his discussion of the main point, he did allude loosely to preliminary examinations as they may apply to subdivision 2 of section 1192 of the Vehicle and Traffic Law. That, however, was not the main point at issue in the Jeffries case. Any observations which Judge Bebitbl may have made were at best obiter dicta. Were the issue now before this court squarely presented to Judge Bebitbl, this court feels that Judge Bebitbl might reason somewhat differently.
As we previously indicated, the thrust of this defendant’s motion under section 190 of the Code of Criminal Procedure is based upon the literal reading of the section, text of which is: “ The magistrate, immediately after the appearance of counsel or after the defendant has waived counsel pursuant to section one hundred eighty-eight, as the case may be, must proceed to examine the case, unless the defendant waives examination and elects to give bail, in which case the magistrate must admit the defendant to bail if the crime is bailable, as provided in section two hundred ten; and in that case witnesses in attendance or shown to be material for the people may be required to appear and testify, or to be examined conditionally as prescribed in sections two hundred fifteen, two hundred sixteen, two hundred seventeen, two hundred eighteen, two hundred nineteen and two hundred twenty.”
However, section 190 of the code is one portion of part IV of the code, captioned “ Of the Proceeding in Criminal Actions prosecuted by Indictment.” The charge pending against this defendant is a misdemeanor. This court has jurisdiction to hear, try and determine the issues of the charge; absent any application to have the misdemeanor presented to the Grand Jury, such jurisdiction carries on.
Without quoting statistics, let it suffice to say that the practice of preliminary examinations on misdemeanors in this court would, as a practical matter, be impossible. The volume of work is such that the Judges of this court have all that they can do to endeavor to cope with the trials of all misdemeanors presented to it. Were the work to be doubled, the situation would get well out of hand.
Added to this consideration is the fact that any given defendant might very well claim undue prejudice were the practice indulged in. He could very well contend that the J udge, having conducted the preliminary hearing, was prejudiced insofar as the conduct of the trial be concerned. Indeed, this was precisely the situation in People v. Cuatt (70 Misc. 453). In that case, *676 the Justice of the Peace granted the preliminary hearing; held the defendant for trial; conducted the trial; and found the defendant guilty. Upon appeal the defendant screamed prejudice upon the part of the Justice. The appellate court at pages 457-458 made this observation:
‘ ‘ It is urged that the defendant was entitled to a preliminary examination before trial. He cites no authority for this claim and I believe none exists. The court of special sessions had exclusive jurisdiction of this action (Code Crim. Pro., § 56), subject to the power of removal provided by sections 57 and 58; but no application was made for removal, so jurisdiction continued in the court of special sessions. The provisions of the Code of Criminal Procedure concerning examinations, sections 188 to 221 inclusive, relate to actions prosecuted by indictment. It is held in People v. Johnston, 187 N. Y. 319, that part IV of the Code of Criminal Procedure, commencing with section 133 and ending with section 698, relates only to actions prosecuted by indictment. The justice of the peace, Conlon, had exclusive jurisdiction to try this case and no application was made to remove, so a preliminary examination was properly denied. ”
To the same effect see People v. Mullen (66 Misc. 476). In Barber v. Richardson (176 Misc. 210, 212) the court observed: 1 ‘ I have never understood that there was any right to examine a complaining witness before trial except in a case involving an indictable offense
To the same effect see People v. Legacy (4 A D 2d 453), and People v. Truex (19 Misc 2d 137).
The motion for the preliminary examination is accordingly denied.