Edward Thompson, J.
The defendant, 18 years of age and charged with a felony, executed a consent to be investigated for youthful offender treatment and, under protest, signed the jury waiver as required by section 913-h of the Code of Criminal Procedure.
Sections 913-e through 913-r, entitled the Youthful Offender Act, set forth the specific provisions whereby a “youth” (a minor between the ages of 16 and 19) may be adjudged a youthful offender and thus avoid the stigma of a criminal conviction in the event of an adjudication as a youthful offender either by his plea of guilty or after summary trial. Pursuant .to said •sections, the indictment which charges a felony, upon determination of eligibility as a youthful offender, becomes sealed by operation of law and a mere information is laid against the youth for the trial of such adjudication. All proceedings in said trial are privately held, separate and apart from those involving adults charged with crimes. In the event of an adjudication as a youthful offender, said youth is subject to a sentence of (a) probation, (b) conditional discharge, (c) unconditional discharge, or (d) a reformatory commitment up to four years. (Revised Penal Law, art. 65.) No matter the sentence imposed, such adjudication as a youthful offender cannot operate as a disqualification of any youth subsequently to hold public office, public employment, nor as a forfeiture of any right or privilege, nor as a bar to receipt of any license granted by public authorities. No such youth shall be denominated a criminal by reason of such determination, nor shall such determination be deemed *31 a conviction. All records of the proceedings, fingerprints and photographs may not be opened to public inspection and must be kept completely confidential, inspection thereof allowed only upon approval of the court.
Upon the trial of such youth all of the normal protections afforded any defendant charged with a crime are extended by said law and the decisions rendered thereon to such youth, including representation by counsel, right to appeal and the protection of each and every constitutional right, save the right to a trial by jury (see Code Crim. Pro., §§ 913-e through 913-r).
In the early 1940’s many of our State’s prisons housed hundreds of young persons between the ages of 16 and 19 there, convicted for felonies, and thus living and associating with hardened adult criminals. The Legislature of this State, petitioned, fostered and urged by the humanitarian and sympathetic understanding of civic and community leaders, many of whom were expertise in religious, psychological, psychiatric and humanistic fields, sought to remedy this desperate condition and thereby afford such youth, upon a first serious breach of the law, an opportunity for rehabilitation and reform without the stigma of criminal conviction. Thereupon, the Legislature adopted the Youthful Offender Act in 1944 which, by subsequent amendments, has resolved itself into the provisions of the Code of Criminal Procedure hereinabove referred to. (§§ 913-e through 913-r.)
Withstanding judicial scrutiny for 24 years, the provisions of this act have been effectuated extensively in a myriad of proceedings throughout the State. Petitions by way of postconviction remedies or article 78 of the Civil Practice Act have been leveled against it, all without change. (People v. Langford, 206 Misc. 628, mot. for lv. to app. den. 137 N. Y. S. 2d 846; Matter of Zivin v. District Ct. of County of Nassau, 19 Misc 2d 21.) By reason of dicta, if for no other cause, said youthful offender law has been held constitutional. More recently, in People v. Anonymous (56 Misc 2d 725), Mr. Justice Geller ■specifically held section 913-h (requirement of nonjury trial) to be constitutional.
Last year a monumental case was decided in the Supreme Court of the United States guaranteeing juveniles (children under the age of 18) the constitutional right to counsel, the right to confrontation and cross-examination of complaining witnesses and avoidance of self incrimination under the Fifth Amendment. (Matter of Gault, 387 U. S. 1.) With respect to youthful offenders, such requirements have been consistently met in this State.
*32 Additionally and more recently, in Duncan v. Louisiana (391 U. S. 145 [May 20,1968]) that court has decreed that for serious crimes the jury trial mandate of the Sixth Amendment must be obeyed. Suffice it here to say that petty offenses have been excluded from such appellation and, in the words of Mr. Justice White (p. 162): “It is sufficient for our purposes to hold that a crime punishable by two years in prison is, based on past and contemporary standards in this country, a serious crime and not a petty offense. ’ ’ (Emphasis supplied.) In this connection it is patently basic that an adjudication as a youthful offender is specifically not a crime and thus should not be embraced within the Duncan doctrine.
In Nieves v. United States (280 F. Supp. 2d 994 [1968]) a statutory panel of Judges passed upon the provision of mandatory jury waiver as a condition precedent to treatment as juvenile under the Federal Delinquency Act and struck down such mandatory jury waiver as unconstitutional. This act in substance bears some similarity to the New York Youthful Offender Act, but bears the very significant distinction therefrom by empowering the Attorney General of the United States with the determination of whether such treatment be granted, whereas in New York that is vested solely in the court. That court decreed that the Bill of Bights is not the exclusive province of adults, and that “ due process ” denotes the execution of such jury waiver as “ impermissibly extracted ” of Nieves, and that he was afforded a mere “Hobson’s choice ”. Confronted by such Federal authority, this court finds itself again faced with a determination whether section 913-h is unconstitutional.
Our New York State Constitution expressly provides for a waiver of a jury trial (art. I, § 2); this, unlike the Sixth Amendment to the United States Constitution. This difference I deem noteworthy, since a clear and positive waiver may be consciously executed. I deem section 913-h of the Code of Criminal Procedure to be a vehicle for expression of the right to waive a jury trial as provided in said section 2 of article I of the New York State Constitution.
Of paramount consideration also is the seasoned legal precept that a statute so long enduring and beneficial in its operation is not to be rendered void except by appellate review. (People v. Kaiser, 21 N Y 2d 86; People v. Epton, 19 N Y 2d 496 and cases cited therein.) Nor is it judicially sagacious not so to act at judicial trial level (People v. Reed, 276 N. Y. 5). No appellate determination has yet been made which has extended the jury mandate provisions of the Sixth Amendment to the States so as to include youthful offender proceedings, and, until such has *33 occurred, the constitutionality of our statute should be upheld.
In addition to the foregoing, it certainly can well be argued that a youth may decline the opportunity or offer of youthful offender treatment and thereby guarantee unto himself a public trial before a jury. It follows that his acceptance of the offer of avoidance of the possibility of a criminal record with the other advantages hereinbefore described under the Youthful Offender Act is a complete acceptance and waiver without limitation.
At this writing it is common knowledge that the Legislature has been solicited to take a new look at jury trial mandates, this occasioned by requests and petitions from both prosecution and defense legal representatives. Hopefully resolution thereof will be soon forthcoming.
Until directly and affirmatively decreed to the contrary by an appellate court or amended statute, I disallow the protest of the youthful offender herein and direct that either he waive a jury and stand for youthful offender treatment or proceed to trial as declining such offer.